HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JILL MCKELVY, | CASE NO. C14-5681 RBL |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN COLVIN, | |
| Defendant. | |

THIS MTTER is before the Court on Defendant Commissioner Colvin's Motion to Amend or Alter Judgment under Rule 59(e). The Court previously denied most of Plaintiff McKelvy's appeal of the Commissioner's determination that she was not disabled. [*See* Dkt. #17] However, the Court remanded for further proceedings to determine whether McKelvy is suffering from mental impairments including delusions.

The Commissioner asks the Court to alter or amend that portion of the ruling, and to refrain from remanding this case for further exploration of that issue. She argues that the court's ruling was clearly erroneous for three reasons: First, she claims the Court misstated the ALJ's position on McKelvy's claimed delusion disorder. Specifically, the ALJ did not ignore the two dermatologists' diagnoses of McKelvy's delusion disorder; he instead discussed each of them.

ORDER - 1

1  He did not rely on the Nurse's conclusion that McKelvy was not delusional; he "merely noted"
2  that it was not even clear that she was having any delusional symptoms.  And the ALJ was not
3  "unable" to make a factual determination about the duration of McKelvy's delusion disorder; he
4  specifically found that it did not satisfy the 12 month durational threshold.

5     Second, The Commissioner argues that even if McKelvy had a mental impairment, there
6  is no evidence it caused further "deterioration in her mental health function"—i.e., that it
7  impacted  the LAJ's assessment of McKelvy's limitations, and no evidence that it did in fact
8  have any impact.

9     Finally, she argues that the case is controlled by a binding Ninth Circuit case, Mayes,
10  holding that forcing the ALJ to develop the record to establish the plaintiff's impairment
11  improperly and impermissibly shift the burden of proof to the ALJ.  *See Mayes v Massanari*, 276
12  453, 459 99th Cir. 2001).

13     McKelvy argues that remand for further development of the record concerning her now-
14  claimed delusion disorder is proper.  She argues that the two dermatologists were 'acceptable
15  medical sources" suggesting the possibility of a delusion disorder.  But she simultaneously
16  argues that there is "no evidence of a delusion disorder evaluated by a medical expert."  She
17  claims this evidence warrants remand so that a "medical expert" *can* investigate the claimed
18  disorder.  She similarly claims that because there is no evidence of the duration of the possible
19  disorder, the ALJ could not determine that it would not last 12 months, and that remand is
20  required to determine whether it might.

21     The Court must conclude that the Commissioner is correct.  McKelvy's arguments about
22  the sufficiency of the evidence are effectively an attempt to shift the burden of proof from the
23  claimant to the ALJ.  The ALJ did address the evidence and the claims. His findings were
24

1 supported by substantial evidence and were legally correct.  The Commissioner's Motion to
2 Alter or Amend the Judgment is GRANTED and the Court will NOT REMAND the case for
3 further proceedings.  The Commissioner's determination is AFFIRMED.
4     IT IS SO ORDERED.
5     Dated this 16th day of September, 2015.

                                Ronald B. Leighton
                                United States District Judge